U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 10 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MELISSA WESLEY, EMMA WADE, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | NO. 4:11-CV-806-A |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

The court is withdrawing the reference to the magistrate judge in the above-captioned action in the entirety to address the allegations in the complaint. Pro se plaintiffs, Melissa Wesley ("Wesley") and Emma Wade ("Wade"), have filed a complaint, in which they are seeking judicial review of the final decision of defendant, Michael J. Astrue, Commissioner of the Social Security Administration, denying Wesley's claim for Supplemental Security Income benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act ("the Act"). Having reviewed the complaint, the plaintiffs' filings, and applicable legal authorities, the court has concluded that the complaint has failed to state a claim upon which relief may be granted and should be dismissed.

I.

Background

The ALJ issued a decision denying Wesley's claim on February 10, 2010, finding that Wesley was not disabled because she could perform simple and detailed work activity. Wesley requested that the Appeals Council review the ALJ's decision. The Commissioner's decision became final in a decision issued by the Appeals Council on October 19, 2011, which determined that "[b]ased on the appeal filed on September 1, 2007, the claimant is not eligible for Supplemental Security Income payments under sections 1602 and 1614(a)(3)(A) of the Social Security Act." Appeals Council Decision at 4.

The Appeals Council's decision made the following findings regarding Wesley's claim:

1. The claimant has not engaged in substantial gainful activity since September 1, 2007.

2. The claimant has the following severe impairments: attention deficit hyperactivity disorder and depression, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

3. The claimant's impairment results in the following limitations on her ability to perform work-related activities: she is limited to simple and detailed work activity.

2

> 4. The claimant's subjective complaints are not fully credible for the reasons identified in the body of the hearing decision.
>
> 5. The claimant has no past relevant work.
>
> 6. On September 1, 2007, the claimant was 22 years old, which is defined as a younger individual and she has a high school education.
>
> 7. The claimant's nonexertional limitations do not significantly affect her residual functional capacity to perform work-related activities at all exertional levels. Using section 204.00 of 20 CFR Part 404, Subpart P, Appendix 2, as a framework for decision-making, the claimant is not disabled (20 CFR 416.920(g)).

Id. at 3.[1]

Plaintiffs sought judicial review of the Commissioner's decision in a complaint filed on November 14, 2011. As the basis of the complaint, plaintiffs simply alleged, "continuation of Supplemental Security Income," and attached the decision of the Appeals Council denying Wesley's claim for benefits. There was no statement as to the reasons for Wade's interest in the case. Wesley also filed a motion for appointment of counsel that provided no response in the section where she was required to

---

[1] The Appeals Council agreed with the ALJ's findings under steps 1, 2 and 3 of the sequential evaluation; namely, that the Wesley has not engaged in substantial gainful activity since September 1, 2007, and that she has a severe impairment that does not meet or equal in severity an impairment in the Listing of Impairments. Additionally, the Appeals Council adopted the ALJ's residual functional capacity finding limiting the claimant to simple and detailed work only.

The Appeals Council disagreed with the ALJ's finding that Wesley could perform her past relevant work as a telephone solicitor. Although the Appeals Council determined that Wesley had no past relevant work, the Council agreed with the ALJ's ultimate finding that Wesley could perform simple and detailed work activity at all levels and that she was not disabled.

describe the unsuccessful efforts she had made to obtain counsel from legal aid or legal services organizations or individual attorneys without payment of a fee or on a contingent basis.

In an order signed December 15, 2011, the court withdrew the reference to the magistrate judge to resolve the deficiencies in plaintiffs' filings and ordered that by December 29, 2011, plaintiffs file an amended complaint, that

> (1) describes, with sufficient detail for the court to determine the nature of Melissa Wesley's claims, the following information: each legal error they contend the Commissioner made in denying Wesley's claim and each finding made by the Commissioner they claim was not supported by substantial evidence; and

> (2) describes, with sufficient detail for the court to determine the nature of Emma Wade's claims, the nature of Wade's interest in the case and the reasons as to why she is a plaintiff in this action.

Dec. 15, 2011 Order.

The court further ordered that December 29, 2011, Wesley file a document detailing with specificity her attempts to obtain counsel from legal aid or legal services organizations or individual attorneys without payment of a fee or on a contingent basis, and include copies of all correspondence or other writings relating to such attempts. Id.

On December 28, 2011, Wade filed an amended complaint ("the Complaint") in response to the court's December 15, 2011 order.

4

Wesley, however, failed to file any document detailing her prior attempts to obtain counsel.

In evaluating the allegations in the Complaint, the court now turns to the applicable standard and then applies the standard to the Complaint.

## II.

## Analysis

A. Applicable Standard

Because plaintiffs are proceeding in forma pauperis, their complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) if the court determines that the Complaint fails to state a claim upon which relief may be granted. In considering whether a complaint states a claim for relief, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and the plaintiff must do more than provide labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Not only must a complaint plead facts instead of conclusions, but the facts pleaded must show that the plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Where the plaintiffs are proceeding pro se, the court is obliged to construe their pleadings more liberally than those drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). Nonetheless, the

complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. Iqbal, 129 S.Ct. at 1949.

The court concludes that the Complaint indicates Wade has no standing to bring the case, and furthermore, it fails to comply with the requirements of the court's December 15, 2011 order in all other respects. The Complaint does not describe any legal errors plaintiffs contend the Commissioner made in denying Wesley's claim; nor does it provide any information describing which finding the Commissioner made that plaintiffs believed was not supported by substantial evidence.

B.  Emma Wade's Standing

It is apparent to the court that Emma Wade lacks standing to bring this action. Wade was not a party to the Commissioner's decision denying Wesley's claim for Supplemental Security Income benefits. Wade simply appears to be Wesley's grandmother. Appeals Council Decision, Supplemental Ex., Ex. AC-2. As Wade confirms in the Complaint that she wrote and signed, "I am not a plaintiff." Compl. at 2.

Article III of the United States Constitution limits the judicial power of federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. The doctrine of standing seeks to ensure that a plaintiff has a sufficient stake in the

controversy to merit her being the proper party to litigate it. Constitutional standing under Article III has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) that was caused by the defendant's alleged conduct; and (3) that likely would be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Thus, in order to invoke the jurisdiction of a federal court, a plaintiff must establish that she has standing, that is, has suffered the injury or threatened injury sought to be redressed by the action. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-181 (2000).

The Fifth Circuit has not recognized any rule of standing that would allow the non-attorney grandparent of an adult child handle that child's appeal from the unfavorable decision of the Social Security Administration Commissioner. While the Fifth Circuit has allowed non-attorney parents to handle such an appeal on behalf of their minor children, Harris v. Apfel, 209 F.3d 413, 416-17 (5th Cir. 2000) (allowing the non-attorney parent of a minor child to handle the child's appeal for SSI benefits where the parent is competent and has an interest in the outcome), that decision is factually distinct from the case at bar. Wesley is twenty-six years old and by no means a minor child. At the time

7

the appeal was filed on September 1, 2007, Wesley was already twenty-two years old and therefore an adult.

The statutory language also makes plain that Wade lacks standing. Section 205(g) of the Act provides that "[a]ny individual, after any decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by civil action commenced within sixty days by a civil action commenced within sixty days after the mailing to him of notice of such decision or without such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). On its face, § 405(g) "bars judicial review of any denial of a claim of disability until after a 'final decision' by the Secretary after a 'hearing.'" Matthews v. Eldridge, 424 U.S. 319, 328 (1976).

In this case, Wade was not a "party" to Wesley's claim that was denied by the Appeals Council's decision. Nor has Wade alleged that she has presented any claim for review to the Commissioner. Only the case of Wesley is being appealed. Compl. at 1-2. Thus, Wade is not a real party in interest and has no capacity to maintain this action under Rule 17 of the Federal Rules of Civil Procedure.

B.  <u>Melissa Wesley's Claims</u>

The court now turns to Melissa Wesley's claims as stated in the Complaint. The Complaint is rambling and difficult to decipher. Its narrative is generally incoherent, and consequently the precise nature of Wesley's claim is unclear.

In all, the Appeals Council made a total of seven findings, but the Complaint made no attempt to point to any finding as not supported by substantial evidence. Instead, the Complaint states that ALJ's decision was based on "what Melissa['s] Doctor gave her when she was having her babay [sic]," and that Wesley "had to have M.H.M.R. treatment." Compl. at 1. The court is assuming that the Complaint is referring to mental health and mental retardation treatment. Yet even this allegation, liberally construed, does not provide the court with sufficient information to determine the basis of Wesley's claim.

It also appears from the Complaint that Wade had to help her granddaughter pay for her bills and medications and go to her appointments, and sometimes Wade could not pay for what Wesley needed. <u>Id.</u> at 2. "We don't have any money," the Complaint concludes. <u>Id.</u> The allegations, however, do not point to any legal error in the decision of the Commissioner or suggest that any one finding is not supported by substantial evidence.

9

The medical records attached, which date from December 12, 2005, through February 10, 2009, also fail to shed any additional light on the allegations stated in the Complaint.[2] See Compl., Attach.

The court therefore concludes the allegations do not give Commissioner fair notice as to the nature of Wesley's claim, and consequently fail to state a claim upon which relief may be granted.

III.

Conclusion

For the reasons stated above,

The court ORDERS that the decision of Commissioner that Melissa Wesley is not entitled to a period of disability of Supplemental Security Income benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act, based upon the appeal filed on September 1, 2007, be, and is hereby, affirmed.

The court further ORDERS that all claims and causes of action asserted by Emma Wade against Commissioner be, and is hereby, dismissed for want of subject matter jurisdiction.

---

[2] The medical records merely indicate the following about Wesley: On February 10, 2009, the most recent medical visit, Wesley had normal physical findings; on May 8, 2007, when she complained of her inability to sleep and her headaches, a refill on medication was ordered; on several occasions, she experienced fever, vomiting, and diarrhea; she suffered from a "heart murmur since birth," but there are no complaints concerning the heart murmur. See Compl., Attach.

10

The court further ORDERS that Wesley's motion for appointment of counsel be, and is hereby, dismissed as moot.[3]

SIGNED January 10, 2012.

_____
JOHN McBRYDE
United States District Judge

---

[3] The motion to appoint counsel could also be denied on the merits because Wesley failed to remedy the deficiencies described in the court's December 15, 2011 order.